WILHELMINA TRIPP and MACK TRIPP, her husband, v. W. A. HENDERSON, doing business as HENDERSON ROOFING and CONSTRUCTION COMPANY.

28 So. (2nd) 857                                    January Term, 1947
January 28, 1947                                           Division B

*Fisher, Fisher, Hepner & Fitzpatrick,* for appellants.

*Jones & Latham,* for appellees.

BARNS, J.:

The plaintiff-appellee contractor agreed with the appellant-defendant owner to make certain repairs and alterations to a building of the owner. The work was divisible into units and was to be paid for "as each portion was satisfactorily finished." Except for the extras the contract fixed no price on any portion. By the original contract the price was entire and was not divisible or severable.

The building was so damaged by fire as to prevent completion of the work under conditions in contemplation between the parties when the contract was entered into. The contractor sued the owner on the common counts.

The owner filed pleas for the general issue and a special plea (additional plea 3) setting up that the portions covered by A and D had been completed and paid for before the fire but that the portions covered by B and C were not satisfactorily completed before the fire. It appears that portions B and C had been partially completed.

By this special plea three (3) the defendant owner denies liability for any of the work done or materials furnished for portions B and C on the ground of incompletion.

The trial court sustained a demurrer to this third plea which had the effect of holding that in case of fire under the circumstances that the loss would fall on the owner and that he was liable pro tanto in event of fortuitous destruction of the building before completion of the work. Upon appeal after final adverse judgment the owner appeals and assigns as error the order sustaining a demurrer to said special plea.

" . . . the general rule in this country is that where one agrees to furnish the labor and materials to do repair work on an existing building, the property of another, the agreement is upon the implied condition that the building shall remain in existence, and that destruction of it without fault of either party excuses performance of the contract by the person performing such labor and entitles him to recover the reasonable value of the part performance already effected." 9 Am. Jur. Section 64, page 46.

" . . . the measure of recovery by the contractor under a remodeling contract is the pro rata part which the contract price of the work and material wrought into the building bears to the cost of the entire work and materials contracted for. It has been held that recovery, where the contract is to repair and remodel a building, should be limited to the amount of contract work done which, at the time the structure was destroyed, had become so far identified with it that the material furnished and the labor performed would have inured to the owner's benefit as contemplated by the contract, if destruction had not occurred." 9 Am. Jur. Section 64, page 47.

Affirmed.

THOMAS, C. J., BUFORD and ADAMS, JJ., concur.