288 So.2d 273 (1974)
LA GASSE POOL CONSTRUCTION CO., a Florida Corporation, Appellant,
v.
CITY OF FORT LAUDERDALE, a Municipal Corporation in the State of Florida, Appellee.
No. 72-960.
District Court of Appeal of Florida, Fourth District.
January 18, 1974.
Terrence J. Russell, Ruden, Barnett, McClosky, Schuster & Schmerer, Fort Lauderdale, for appellant.
Ronald B. Sladon, Dean Andrews and Ronald B. Sladon, Fort Lauderdale, for appellee.
DOWNEY, Judge.
Pursuant to a contract for the repair and renovation of a swimming pool owned by appellee, appellant commenced the work, which included resurfacing the inside of the pool, and had progressed almost to completion. Over night vandals damaged the work appellant had done inside the pool requiring that part of the work be redone. Appellant proceeded to redo the work and billed appellee therefor.
Appellee paid appellant the contract price but refused to pay for the additional work required to repair the damage. Thus, the question presented for decision is: Where the work done by a contractor, pursuant to a contract for the repair of an existing structure, is damaged during the course of the repair work, but the existing structure is not destroyed, upon whom does the loss fall where neither contractor nor owner is at fault?
The general rule is that under an indivisible contract to build an entire structure, *274 loss or damage thereto during construction falls upon the contractor, Annot., 53 A.L.R. 103, 105, Moon v. Wilson, 100 Fla. 791, 130 So. 25 (1930), the theory being that the contractor obligated himself to build an entire structure and absent a delivery thereof he has not performed his contract. If his work is damaged or destroyed during construction he is still able to perform by rebuilding the damaged or destroyed part; in other words, doing the work over again.
In the case of contracts to repair, renovate, or perform work on existing structures, the general rule is that total destruction of the structure of res which is the subject matter of the contract, without fault of either the contractor or owner, excuses performance by the contractor and entitles him to recover for the value of the work done. Tripp v. Henderson, 158 Fla. 442, 28 So.2d 857 (1947); Moon v. Wilson, supra. The rationale of this rule is that the contract has an implied condition that the structure will remain in existence so the contractor can render performance. Destruction of the structure makes performance impossible and thereby excuses the contractor's nonperformance. But where the building or structure to be repaired is not destroyed, but the contractor's work is damaged so that it must be redone, performance is still possible, and it is the contractor's responsibility to redo the work so as to complete his undertaking. In other words, absent impossibility of performance or some other reason for lawful non-performance, the contractor must perform his contract. Any loss or damage to his work during the process of repairs which can be rectified is his responsibility. The reason for allowing recovery without full performance in the case of total destruction (i.e., impossibility of performance) is absent where the structure remains and simply requires duplicating the work.
In the case at bar the damage to the inside of the pool required the contractor to redo a portion of his work already completed. Unfortunately, that was his responsibility as the pool remained intact and performance by him was not rendered impossible. Appellant's reliance upon the rule in Tripp v. Henderson and Moon v. Wilson, supra., is not well founded, since in those cases performance by the contractor was impossible because the subject matter of the contract was destroyed.
The evidence in the trial court does not reveal any assumption of responsibility for the damage by appellee or any promise by the appellee to pay for the contractor's additional work to repair the damage caused by vandalism which would entitle appellant to sue in quantum meruit.
Accordingly, the judgment for appellee is affirmed.
OWEN, C.J., and PAUL, MAURICE, Associate Judge, concur.